JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Donald B. Georgia, Jr.

**DEFENDANTS**
National Seating and Mobility, Inc.; Permobil AB; Permobil, Inc.; Permobil Meditech, Inc.; Permobil Pasco, LLC; Tim Flanagan; Brian Ward; Robert Eagle; Gina Mastrogiovanni; and Jim Golick

**(b)** County of Residence of First Listed Plaintiff    Cape May County, NJ
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Larry Bendesky, Esq., Saltz Mongeluzzi Barrett & Bendesky P.C.
1650 Market Street, 52nd Floor
Philadelphia, Pennsylvania 19103

Attorneys *(If Known)*
William J. Ricci, Esq.    Kathleen Wilkinson, Esq.
1515 Market St., Ste. 700  Two Commerce Square, 2001 Market St.
Philadelphia, PA 19103    Philadelphia, PA 19103

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☒ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1332
Brief description of cause:
Plaintiff is a citizen of NJ; Defendants that were properly joined and served are not citizens of NJ or PA.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE      DOCKET NUMBER

DATE
02/19/2019

SIGNATURE OF ATTORNEY OF RECORD
*William J. Ricci*

**FOR OFFICE USE ONLY**

RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: ___ 3700 New Jersey Avenue, Unit 209, Wildwood, New Jersey 08260 ___

Address of Defendant: ___ (See attached) ___

Place of Accident, Incident or Transaction: ___ 3/2017 purchase; 10/24/2017 and 4/17/2018 injury ___

---

*RELATED CASE, IF ANY:*

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 02/19/2019 _____  _____*Will Cra*_____  _____27708_____
                                    *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

*A.* **Federal Question Cases:**

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☐ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases
       *(Please specify):* _____

*B.* **Diversity Jurisdiction Cases:**

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* _____
- ☑ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
       *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, ___ William J. Ricci ___, counsel of record *or pro se plaintiff*, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: 02/19/2019 _____  _____*Will Cra*_____  _____27708_____
                                    *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

**Attachment to Designation Form – Defendants' Addresses:**

**Permobil, Inc**
300 Duke Drive
Lebanon, TN 37090

**Permobil AB**
Per Uddens vag 20
Timra, 861 23
Sweden

**Permobil Pasco, LLC**
2701 W. Court Street
Pasco, WA 99301

**Permobil Meditech, Inc.**
None (no longer in existence)

**National Seating and Mobility, Inc.**
318 Seaboard Lane
Suite 202
Franklin, TN 37067

**Tim Flanagan**
1957 Pioneer Road
Building C
Huntingdon Valley, PA 19006
(per Complaint – personal address unknown)

**Brian Ward**
1957 Pioneer Road
Building C
Huntingdon Valley, PA 19006
(per Complaint – personal address unknown)

**Robert Eagles**
1957 Pioneer Road
Building C
Huntingdon Valley, PA 19006
(per Complaint – personal address unknown)

**Gina Mastrogiovanni**
1957 Pioneer Road
Building C
Huntingdon Valley, PA 19006
(per Complaint – personal address unknown)

**Jim Golick**
1957 Pioneer Road
Building C
Huntingdon Valley, PA 19006
(per Complaint – personal address unknown)

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 3700 New Jersey Avenue, Unit 209, Wildwood, New Jersey 08260

Address of Defendant: (See attached)

Place of Accident, Incident or Transaction: 3/2017 purchase; 10/24/2017 and 4/17/2018 injury

---

*RELATED CASE, IF ANY:*

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐  No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐  No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐  No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐  No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 02/19/2019   _____   27708
*Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

*A. Federal Question Cases:*
- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☐ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases
  *(Please specify):* _____

*B. Diversity Jurisdiction Cases:*
- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* _____
- ☑ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
  *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, William J. Ricci, counsel of record *or pro se plaintiff*, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: 02/19/2019   _____   27708
*Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

**Attachment to Designation Form – Defendants' Addresses:**

**Permobil, Inc**
300 Duke Drive
Lebanon, TN 37090

**Permobil AB**
Per Uddens vag 20
Timra, 861 23
Sweden

**Permobil Pasco, LLC**
2701 W. Court Street
Pasco, WA 99301

**Permobil Meditech, Inc.**
None (no longer in existence)

**National Seating and Mobility, Inc.**
318 Seaboard Lane
Suite 202
Franklin, TN 37067

**Tim Flanagan**
1957 Pioneer Road
Building C
Huntingdon Valley, PA 19006
(per Complaint – personal address unknown)

**Brian Ward**
1957 Pioneer Road
Building C
Huntingdon Valley, PA 19006
(per Complaint – personal address unknown)

**Robert Eagles**
1957 Pioneer Road
Building C
Huntingdon Valley, PA 19006
(per Complaint – personal address unknown)

**Gina Mastrogiovanni**
1957 Pioneer Road
Building C
Huntingdon Valley, PA 19006
(per Complaint – personal address unknown)

**Jim Golick**
1957 Pioneer Road
Building C
Huntingdon Valley, PA 19006
(per Complaint – personal address unknown)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Donald B. Georgia, Jr. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. |
| Permobil, Inc. et al | : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health   ( )
    and Human Services denying plaintiff Social Security Benefits.

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule   ( )
    53.2.

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management
    by the court. (See reverse side of this form for a detailed explanation of special
    management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   **(X)**

| | | |
|---|---|---|
| 2/19/19 | _(signature)_ | Permobil, Inc. |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-320-2073 | 215-320-3261 | briccie@rtjalaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONALD B. GEORGIA, JR., | : |
| Plaintiff, | :     **CIVIL ACTION** |
| v. | : |
| | :     **NO.** |
| NATIONAL SEATING AND MOBILITY, INC.; | : |
| PERMOBIL AB; | : |
| PERMOBIL, INC.; | : |
| PERMOBIL MEDITECH, INC.; | : |
| PERMOBIL PASCO, LLC; | : |
| TIM FLANAGAN; | : |
| BRIAN WARD; | : |
| ROBERT EAGLE | : |
| GINA MASTROGIOVANNI; AND | : |
| JIM GOLICK | : |
| | : |
| Defendants. | : |

### DEFENDANT PERMOBIL, INC.'S NOTICE OF FILING REMOVAL

**TO:** **THE HONORABLE CHIEF JUSTICE AND JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**PLEASE TAKE NOTICE** that Moving Defendant, Permobil, Inc. ("Permobil") files this Notice of Removal pursuant to 28 U.S.C. § 1441 to remove to the United States District Court for the Eastern District of Pennsylvania the civil action styled *Donald B. Georgia, Jr. v. National Seating and Mobility, Inc., et al.*, December Term, 2018, Case No. 1570, pending in the Court of Common Pleas, Philadelphia County. The grounds for removal are as follows:

1.    Jurisdiction is appropriate pursuant to 28 U.S.C. § 1332.

2.    Complete diversity exists between the Plaintiff and all properly joined and served defendants.

3.    Plaintiff Donald B. Georgia, Jr. ("Plaintiff") is a resident of Wildwood, New Jersey. *See* Complaint at ¶ 1. A copy of Plaintiff's Complaint is attached hereto as **"Exhibit A."**

1

4.      Permobil is a motorized wheelchair manufacturer, with its principal place of business in Lebanon, Tennessee and is incorporated in Tennessee. Thus, it is a citizen of Tennessee and not New Jersey.

5.      Permobil AB has not been served and disputes jurisdiction and venue. It is a foreign corporation with its principal place of business in Sweden. *See* Affidavit of Chris Javillonar at ¶ 6. A copy of the Affidavit is attached hereto as **"Exhibit B."** Thus, it is a citizen of Sweden and not New Jersey. As it has not been served, its consent is not required to remove. 28 U.S.C. § 1446(b).

6.      Permobil Pasco, LLC is a wholly owned subsidiary of Permobil. It did not design, manufacture or sell Plaintiff's wheelchair. *Id*. at ¶ 7. It has not been properly served and disputes jurisdiction and venue. *Id*. at ¶¶ 5, 9. Permobil is the sole member of Permobil Pasco, LLC. Thus, Permobil Pasco, LLC is a citizen Tennessee and not New Jersey. As it has not been properly served, its consent is not required to remove. 28 U.S.C. § 1446(b).

7.      Permobil Meditech, Inc. is a dissolved corporation that no longer exists. *Id*. at ¶ 11. It has no principal place of business or state of incorporation. *Id*. When it existed prior to 2008, Permobil Meditech, Inc.'s principal place of business was located in Massachusetts and it was incorporated in Delaware. *Id*. at ¶ 12. It did not design, manufacture or sell Plaintiff's wheelchair and disputes service, jurisdiction and venue. *Id*. at ¶ 10. It is not a citizen of New Jersey. Permobil Meditech, Inc. does not exist and therefore lacks the ability to consent to removal, however, its consent is unnecessary as it has not been properly served. *Id*. at 13; 28 U.S.C. § 1446(b).

8.      National Seating and Mobility, Inc. ("NSM") distributes wheelchairs. It has its principal place of business in Tennessee and is incorporated in Tennessee. Thus, it is a citizen of

2

Tennessee and not New Jersey. NSM consents to the removal of this action. *See* Consent of NSM, attached hereto as **"Exhibit C."**

9.      The remaining individually named defendants, Tim Flanagan, Brian Ward, Robert Eagle, Gina Mastrogiovanni, and Jim Golick (the "Individual Defendants") are purportedly citizens of Pennsylvania. Therefore, they are not citizens of New Jersey. However, as explained below, for purposes of determining diversity of citizenship, their citizenship may be ignored as they have been fraudulently joined. *Ayala-Castro v. GlaxoSmithKline (In re Avandia Mktg.),* 624 F. Supp. 2d 396, 411 (E.D. Pa. 2009). In addition, their consent is not required. *Reeser v. NGK Metals Corp.,* 247 F. Supp. 2d 626 (E.D. Pa. 2003).

**I.      Removal Based on Diversity of Citizenship under 28 U.S.C. § 1332(a)**

10.      This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 and this action is removable pursuant to 28 U.S.C. § 1441 because the parties *who were properly joined and served* are diverse, and because the amount in controversy appears to be in excess of $75,000.

11.      As set forth above, all properly joined and served defendants, Permobil and NSM, are citizens of states other than New Jersey.

12.      Upon information and belief, the amount in controversy is in excess of $75,000.

13.      Plaintiff's Complaint seeks damages in the state court jurisdictional amount which is in excess of $50,000. *See* **Exhibit A** at p. 16.

14.      Plaintiff alleges that he was caused to incur, and will continue to incur, medical expenses for care and treatment. *Id.* at ¶ 49.

15.      Plaintiff alleges that he has had both legs amputated. *Id.* at ¶¶46-47.

16.     Plaintiff alleges that he suffered, and will continue to suffer, agonizing aches, pain and mental anguish and has sustained a loss of enjoyment of life, life's pleasures and life's hedonic pleasures past, present and future. *Id.* at ¶ 50.

17.     Plaintiff also alleges that he has been prevented, and will be prevented in the future, from performing his usual duties, activities, occupations and avocations, and has suffered a loss of earnings and a loss of earning capacity. *Id.* at ¶ 51.

18.     Therefore, the amount in controversy in the instant action, based on the allegations and averments contained in Plaintiff's Complaint, will exceed $75,000, exclusive of interest and costs. *See, e.g., Ciglar v. Ruby Tuesday, Inc.*, No. CIV.09-239, 2009 WL 737367, at *5 (E.D. Pa. Mar. 19, 2009) ("Plaintiff's allegations, if proven, could certainly result in a damage award greater than $75,000, in alleging that he suffered serious and permanently disabling injuries, requiring repeated doctors' visits, multiple MRIs, and six months of physical therapy consisting of 'spinal manipulation, manual traction, deep tissue massage, hydrotherapy, and exercise therapy, and that as a result of his injuries, he suffered from agonizing aches and severe mental anguish that may require future treatment and may preclude him from resuming his regular occupation.'") *See also McMonagle v. Franklin Mills Assocs. LP,* No. 06–4451, 2007 WL 773715, *2 (E.D. Pa. Mar.8, 2007) (allegations of "severe and permanent injuries to various parts of [plaintiff's] body that have required, and may continue to require, medical care" resulting in "severe loss of earning capacity," coupled with plaintiff's demand for damages "in excess" of $50,000, satisfied the amount in controversy requirement).

### A.     The Citizenship of the Individual Defendants Should Be Disregarded and the Claims Against Them Should Be Dismissed Due to Fraudulent Joinder

19.     A civil action otherwise removable under 28 U.S.C. § 1332(a) may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in

which such action is brought. 28 U.S.C. § 1441(b)(2). This restriction is known as the "forum defendant" rule.

20.     In this instance, only the Individual Defendants are alleged to be citizens of Pennsylvania. However, these defendants have been fraudulently joined and therefore, their citizenship is ignored for determining whether removal is appropriate.

21.     The doctrine of fraudulent joinder prevents a plaintiff from joining a non-diverse defendant to defeat federal removal jurisdiction. *Ayala-Castro v. GlaxoSmithKline (In re Avandia Mktg.)*, 624 F. Supp. 2d 396, 411 (E.D. Pa. 2009).

22.     "A district court may base a finding of fraudulent joinder on factual or legal grounds. Under the test established by the Court of Appeals for the Third Circuit, such a finding is appropriate 'where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment.' To assess the quality of a claim in these regards, a district court must look to the requirements of state law." *Ayala-Castro v. GlaxoSmithKline (In re Avandia Mktg.)*, 624 F. Supp. 2d at 411-12.

23.     A claim is colorable if it is not "wholly insubstantial and frivolous" in light of the relevant law. *Id.*

24.     Pennsylvania is a fact-pleading state; a complaint must not only give the defendant notice of what the plaintiff's claim is and the grounds upon which it rests, but the complaint must also formulate the issues by summarizing those facts essential to support the claim. *Lerner v. Lerner*, 2008 PA Super 183, ¶ 12, 954 A.2d 1229, 1235.

25.     Pa. R.C.P. 1019 specifically require[s] the pleader to disclose the material facts sufficient to enable the adverse party to prepare his case. A complaint therefore must do more than

give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. It should formulate the issues by fully summarizing the material facts. Material facts are ultimate facts, i.e., those facts essential to support the claim. *Lerner v. Lerner*, 2008 PA Super 183 at 1235-36.

26.    Here, Plaintiff's Complaint is devoid of any reasonable basis in fact or colorable ground supporting the joinder of the Individual Defendants.

27.    The factual predicate for the claims set forth in Plaintiff's Complaint are sounded in strict products liability, i.e. Plaintiff has alleged that (1) Plaintiff's F3 Corpus Wheelchair ("wheelchair") was defective in design, manufacture, and warnings, (2) the wheelchair was placed into the stream of commerce by the Corporate Defendants, (3) in or around March 2017, the tilt function on Plaintiff's wheelchair broke, (4) the danger presented by the wheelchair was unknowable and unacceptable to the average or ordinary consumer, and (5) the wheelchair was expected to and did reach users without substantial change in the condition in which it was placed into the stream of commerce. *See* **Exhibit A** at ¶ 33, ¶ 56, ¶¶ 60-61.

28.    Strict liability in tort for product defects is a cause of action which implicates the social and economic policy of the Commonwealth of Pennsylvania. The strict liability theory is a distinct cause of action in tort: those who sell a product (i.e., profit from making and putting a product in the stream of commerce) are held responsible for damage caused to a consumer by the reasonable use of the product. The risk of injury is placed, therefore, upon the supplier of products. *Tincher v. Omega Flex*, 628 Pa. 296, 385-86, 104 A.3d 328, 381-82 (2014).

29.    The duty in strict liability pertains to the duty of a manufacturer and of suppliers in the chain of distribution to the ultimate consumer. *Tincher v. Omega Flex*, 628 Pa. 296 at 383.

30.     The duty spoken of in strict liability is intended to be distinct from the duty of due care in negligence. *Id.* at 387.

31.     Individual liability arises only when the agent or employee owes an independent duty of reasonable care to the injured party apart from the employer's duty. *Chuy v. Philadelphia Eagles Football Club*, 595 F.2d 1265, 1276 (3d Cir. 1979).

32.     Notably, Plaintiff's Complaint attempts to treat the Individual Defendants and the Corporate Defendants as one in the same. *See* **Exhibit A** at ¶¶ 30-41.

33.     In the "negligence" count of Plaintiff's Complaint, Plaintiff fails to set forth any specific duty of care the Individual Defendants owed to Plaintiff under the circumstances. *See* **Exhibit A** at ¶¶ 54-58.

34.     Plaintiff's Complaint lacks any specific allegation that the Individual Defendants committed any independent acts of negligence that caused or contributed to Plaintiff's accident. *See Id.* In fact, Plaintiff merely lumps the Individual Defendants with the corporate defendants in referring to all defendants globally as "Defendants."

35.     Plaintiff failed to plead any viable causes of action against the Individual Defendants.

36.     Moreover, the generalized allegations set forth in Plaintiff's Complaint, as well as the absent of specific allegations against the Individual Defendants, demonstrates a lack of good faith intent to pursue any claims against the Individual Defendants.

**B.      Proper Procedure for Removal of this Civil Action was Followed**

37.     Pursuant to 28 U.S.C. § 1446(b)(1), to be timely, a notice of removal of a civil action or proceeding shall be filed within thirty (30) days after the receipt by the defendant, through

service or otherwise of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.

38.     Plaintiff filed his civil action Complaint on January 29, 2019. *See* **Exhibit A**.

39.     Plaintiff served Permobil with a copy of the Complaint on January 29, 2019. *See* service on Permobil attached hereto as **"Exhibit D."**

40.     Thus, this Notice of Removal is timely filed with the Court as it is within thirty (30) days of the Complaint being filed and served upon Permobil.

41.     Although venue is improper as NSM's distributing center is located in Montgomery County, Pennsylvania, venue is still proper in this Court pursuant to 28 U.S.C. § 1441(a) because the Philadelphia County Court of Common Pleas and Montgomery County Court of Common Pleas are both located within the Eastern District of Pennsylvania. Therefore, the United States District Court for the Eastern District of Pennsylvania is an appropriate venue for removal purposes pursuant to 28 U.S.C. §§ 1332 and 1441.

42.     All properly joined and served defendants, Permobil, Inc. and NSM, consent to the removal of this action. **Exhibit C.**

43.     In accordance with 28 U.S.C. § 1446(a), Permobil has attached a copy of all process, pleadings, and orders served upon it in this action. *See* **Exhibits A, D.** *See also* Preacipe and Writ of Summons attached hereto as **"Exhibit E."**

44.     After filing this Notice of Removal, Permobil will file a copy with the Clerk of the Court of Common Pleas, Philadelphia County, Pennsylvania, and will provide Notice of Removal to the Adverse Party, as provided by 28 U.S.C. § 1446(d).

WHEREFORE, Permobil, Inc. respectfully provides notice of the removal of this action from the Court of Common Pleas, Philadelphia County, Pennsylvania, to the United States District

Court for the Eastern District of Pennsylvania for all further proceedings and prays for such other and further relief as the Court deems just and proper.

Dated: _Feb 19 2019_

RICCI TYRELL JOHNSON & GREY

By: _____

William J. Ricci
Identification No. 27708
1515 Market Street, Suite 700
Philadelphia, Pennsylvania 19102
P: 215-320-2089
F: 215-320-3261
bricci@rtjglaw.com

and

MAUER LAW FIRM, P.C.
Debbie Moeller, Esq. – *to be admitted pro hac*
Carlene S. Iverson, Esq. – *to be admitted pro hac*
1100 Main Street, Suite 2100
Kansas City, Missouri 64105
P: 816-759-3300
F: 816-759-3399
damoeller@mauerlawfirm.com
csiverson@mauerlawfirm.com

ATTORNEYS FOR DEFENDANT PERMOBIL, INC.

## VERIFICATION

I, William J. Ricci, hereby state the facts set forth in the foregoing Notice of Removal are true and correct to the best of my knowledge, information and belief. I understand that this statement is made subject to the penalties of 18 Pa. C.S. § 4904, relating to unsworn falsification to authorities.

Dated: *Feb 19 2019*

RICCI TYRELL JOHNSON & GREY

By:_____
William J. Ricci
Identification No. 27708
1515 Market Street, Suite 700
Philadelphia, Pennsylvania 19102
P: 215-320-2089
F: 215-320-3261
bricci@rtjglaw.com

## CERTIFICATE OF SERVICE

The undersigned counsel hereby verifies/certifies that on this day, a true and correct copy

of the foregoing Notice of Removal was served, via first-class mail, on the following persons:

Larry Bendesky, Esq.
Adam J. Pantano, Esq.
Scott A. Fellmeth, Esq.
**Saltz Mongeluzzi Barrett & Bendesky P.C.**
1650 Market Street, 52nd Floor
Philadelphia, Pennsylvania 19103
*Attorneys for Plaintiff Donald B. Georgia, Jr.*

and

Kathleen Wilkinson, Esq.
**Wilson Elser Moskowitz Edelman & Dicker LLP**
Two Commerce Square, 2001 Market Street, Suite 3100
Philadelphia, Pennsylvania 19103
*Attorney for Defendant National Seating & Mobility, Inc.*

Dated: _Feb. 19, 2019_

RICCI TYRELL JOHNSON & GREY

By: _____
William J. Ricci
Identification No. 27708
1515 Market Street, Suite 700
Philadelphia, Pennsylvania 19102
P: 215-320-2089
F: 215-320-3261
bricci@rtjglaw.com

and

MAUER LAW FIRM, P.C.
Debbie Moeller, Esq. – *to be admitted pro hac*
Carlene S. Iverson, Esq. – *to be admitted pro hac*
1100 Main Street, Suite 2100
Kansas City, Missouri 64105
P: 816-759-3300

T: 816-759-3399
damoeller@mauerlawfirm.com
csiverson@mauerlawfirm.com

**ATTORNEYS FOR MOVING DEFENDANT PERMOBIL, INC.**

# Exhibit "A"

**SALTZ, MONGELUZZI, BARRETT & BENDESKY, P.C.**
BY: LARRY BENDESKY/ADAM J. PANTANO/
SCOTT A. FELLMETH
IDENTIFICATION NO: 51026/85261/321505
1650 MARKET STREET
52ND FLOOR
PHILADELPHIA, PENNSYLVANIA 19103
(215) 496-8282

*Filed and Attested by the Office of Judicial Records 29 JAN 2019 10:03 am M. RUSSO*

ATTORNEYS FOR PLAINTIFF

| | |
|---|---|
| DONALD B. GEORGIA, JR.<br>3700 New Jersey Avenue, Unit 209<br>Wildwood, NJ 08260 | PHILADELPHIA COUNTY<br>COURT OF COMMON PLEAS<br>CIVIL DIVISION |
| Plaintiff, | DECEMBER TERM, 2018 |
| v. | No.: 1570 |
| NATIONAL SEATING AND<br>MOBILITY, INC.<br>1957 Pioneer Road<br>Building C<br>Huntingdon Valley, PA 19006<br><br>*And*<br><br>PERMOBIL AB<br>Per Uddens vag 20<br>Timra, 861 23<br>Sweden<br><br>*And*<br><br>PERMOBIL, INC.<br>300 Duke Drive,<br>Lebanon, TN 37090<br><br>*And*<br><br>PERMOBIL MEDITECH, INC.<br>300 Duke Drive,<br>Lebanon, TN 37090<br><br>*And*<br><br>PERMOBIL PASCO, LLC<br>300 Duke Drive<br>Lebanon, TN 37090 | JURY TRIAL DEMANDED |

And

TIM FLANAGAN
1957 Pioneer Road
Building C
Huntingdon Valley, PA 19006

And

BRIAN WARD
1957 Pioneer Road
Building C
Huntingdon Valley, PA 19006

And

ROBERT EAGLE
1957 Pioneer Road
Building C
Huntingdon Valley, PA 19006

And

GINA MASTROGIOVANNI
1957 Pioneer Road
Building C
Huntingdon Valley, PA 19006

And

JIM GOLICK
1957 Pioneer Road
Building C
Huntingdon Valley, PA 19006

Defendants.

## COMPLAINT – CIVIL ACTION

2

| "NOTICE | "AVISO |
|---|---|
| "You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by an attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. | "Le han demandado en corte. Si usted quiere defenderse contra las demandas nombradas en las páginas siguientes, tiene veinte (20) dias, a partir de recibir esta demanda y la notificatión para entablar personalmente o por un abogado una comparecencia escrita y tambien para entablar con la corte en forma escrita sus defensas y objeciones a las demandas contra usted. Sea avisado que si usted no se defiende, el caso puede continuar sin usted y la corte puede incorporar un juicio contra usted sin previo aviso para conseguir el dinero demandado en el pleito o para conseguir culquier otra demanda o alivio solicitados por el demandante. Usted puede perder dinero o propiedad u otros derechos importantes para usted. |
| YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP. | USTED DEBE LLEVAR ESTE DOCUMENTO A SU ABOGADO INMEDIATAMENTE. SI USTED NO TIENE ABOGADO (O NO TIENE DINERO SUFICIENTE PARA PARGAR A UN ABOGADO), VAYA EN PERSONA O LLAME POR TELEFONO LA OFICINA NOMBRADA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASSISTENCIA LEGAL. ESTA OFICINA PUEDE PROPORCIONARLE LA INFORMACION SOBRE CONTRATAR A UN ABOGADO. |
| THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE. | SI USTED NO TIENE DINERO SUFICIENTE PARA PAGAR A UN ABOGADO, ESTA OFICINA PUEDE PROPORCIONARLE INFORMACION SOBRE AGENCIAS QUE OFRECEN SERVICIOS LEGALES A PERSONAS QUE CUMPLEN LOS REQUISITOS PARA UN HONORARIO REDUCIDO O NINGUN HONORARIO. |
| PHILADELPHIA BAR ASSOCIATION LAWYER REFERRAL and INFORMATION SERVICE One Reading Center Philadelphia, Pennsylvania 19107 (215) 238-1701 | ASSOCIACION DE LICENDIADOS DE FILADELFIA SERVICO DE REFERENCA E INFORMACION LEGAL One Reading Center Filadelfia, Pennsylvania 19107 Telefono: (215) 238-1701 |

## PARTIES

1.    Plaintiff, Donald B. Georgia, Jr. ("Mr. Georgia"), is an adult individual residing at 3700 New Jersey Avenue, Unit 209, Wildwood, New Jersey 08260.

2.    Defendant, National Seating and Mobility, Inc. ("National Seating"), is a corporation or other business entity, organized and existing under the laws of the State of Tennessee, with a place of business located at 1957 Pioneer Road, Building C, Huntingdon Valley, Pennsylvania 19006.

Case ID: 181201570

3.    Defendant, Permobil AB ("Permobil AB"), is a corporation or other business entity, organized and existing under the laws of Sweden, with its principal place of business located at 300 Duke Drive, Lebanon, Tennessee 37090.

4.    Defendant, Permobil, Inc. ("Permobil"), is a corporation or other business entity, organized and existing under the laws of the State of Tennessee, with its principal place of business located at 300 Duke Drive, Lebanon, Tennessee 37090.

5.    Defendant, Permobil Meditech, Inc. ("Permobil Meditech"), is a corporation or other business entity, organized and existing under the laws of the State of Delaware, with its principal place of business located at 300 Duke Drive, Lebanon, Tennessee 37090.

6.    Defendant, Permobil Pasco, LLC ("Permobil Pasco"), is a limited liability company or other business entity, organized and existing under the laws of the State of Tennessee, with its principal place of business located at 300 Duke Drive, Lebanon, Tennessee 37090.

7.    Permobil AB, Permobil, Permobil Meditech and/or Permobil Pasco designed, manufactured, distributed and/or sold the F3 Corpus wheelchair (Serial Number 2520008180) prescribed to Mr. Georgia by his physician for use in his daily life activities.

8.    At all times material hereto, Permobil AB, Permobil, Permobil Meditech and/or Permobil Pasco purposefully established significant contacts in Pennsylvania, carried out, and continue to carry out, substantial, continuous and systematic business activities in Pennsylvania, and regularly conduct business in Philadelphia County.

9.    Defendant, Tim Flanagan ("Mr. Flanagan"), is an adult individual and resident of the Commonwealth of Pennsylvania, residing and/or conducting business at 1957 Pioneer Road, Building C, Huntingdon Valley, Pennsylvania 19006.

4

10.     Defendant, Brian Ward ("Mr. Ward"), is an adult individual and resident of the Commonwealth of Pennsylvania, residing and/or conducting business at 1957 Pioneer Road, Building C, Huntingdon Valley, Pennsylvania 19006.

11.     Defendant, Robert Eagle ("Mr. Eagle"), is an adult individual and resident of the Commonwealth of Pennsylvania, residing and/or conducting business at 1957 Pioneer Road, Building C, Huntingdon Valley, Pennsylvania 19006.

12.     Defendant, Gina Mastrogiovanni ("Ms. Mastrogiovanni"), is an adult individual and resident of the Commonwealth of Pennsylvania, residing and/or conducting business at 1957 Pioneer Road, Building C, Huntingdon Valley, Pennsylvania 19006.

13.     Defendant, Jim Golick ("Mr. Golick"), is an adult individual and resident of the Commonwealth of Pennsylvania, residing and/or conducting business at 1957 Pioneer Road, Building C, Huntingdon Valley, Pennsylvania 19006.

14.     National Seating, Mr. Flanagan, Mr. Ward, Mr. Eagle, Ms. Mastrogiovanni and/or Mr. Golick distributed, sold, installed, inspected, serviced, maintained and/or repaired the F3 Corpus wheelchair (Serial Number 2520008180) prescribed to Mr. Georgia by his physician for use in his daily life activities.

15.     At all times material hereto, National Seating was registered as a foreign corporation to do business in Pennsylvania.

16.     At all times material hereto, National Seating, Mr. Flanagan, Mr. Ward, Mr. Eagle, Ms. Mastrogiovanni and Mr. Golick purposefully established significant contacts in Pennsylvania and carried out, and continue to carry out, substantial, continuous, and systemic business activities in Pennsylvania, specifically in Philadelphia County, through National Seating's Philadelphia branch office, which has been in existence since 2000:

5

## PHILADELPHIA BRANCHFILE

### August 27, 2014



1957 Pioneer Road, Building C,
Huntingdon Valley PA, 19006-2503

When opened in March 2000, National Seating & Mobility (NSM) of
Philadelphia was the 45th NSM branch. Six of NSM Philadelphia's 23
employees are Assistive Technology Professionals (ATP) and Certified
Rehab Technology Suppliers (CRTS). Combined, they offer 80+ years of
Complex Rehab Technology (CRT) experience.

17.　　Permobil AB, Permobil, Permobil Meditech, Permobil Pasco, National Seating,

Mr. Flanagan, Mr. Ward, Mr. Eagle, Ms. Mastrogiovanni and Mr. Golick shall be collectively

referred to in this Complaint as the "Defendants."

18.　　At all times material hereto, Defendants were acting by and through their agents,

servants and/or employees who were acting within the course and scope of their agency, service

and/or employment for Defendants.

19.　　At all times material hereto, Defendants had a duty to design, manufacture, sell,

install, distribute, inspect, repair, maintain and/or service the F3 Corpus wheelchair (Serial

Number 2520008180) (the "Wheelchair") prescribed to Mr. Georgia in a manner that was safe

and reasonable.

6

## FACTS

**A.     Mr. Georgia's prior injuries**

20.     On July 27, 2013, Mr. Georgia was involved in a motor vehicle accident in New Jersey.

21.     Mr. Georgia sustained life-threating injuries and was air lifted to AtlantiCare Regional Medical Center where he underwent 16 surgeries in 6 days.

22.     Mr. Georgia eventually regained the use of his arms and limited movement in his legs, but was unable to have full feeling in his feet.

23.     In 2015, Mr. Georgia began treating with Dr. Abraham Alfaro at Bacharach Institute for Rehabilitation ("Bacharach").

24.     While at Bacharach, Mr. Georgia was able to walk with the assistance of parallel bars.

25.     After Bacharach, Mr. Georgia treated with Dr. Mendel Kupfer at Magee Rehabilitation Hospital ("Magee").

26.     While at Magee, Mr. Georgia's recovery progressed and he was able to leg press 350 pounds, use a stationary bike and walk with mechanical assistance.

**B.     Defendants' wheelchair**

27.     Due to his prior injuries, Mr. Georgia's doctors required that he be able to raise his feet above his head in order to avoid excessive swelling in his back and feet.

28.     Upon discharge from Magee, Mr. Georgia was prescribed a F3 Corpus wheelchair (the "Wheelchair") designed, manufactured, distributed and/or sold by Permobil AB, Permobil, Permobil Meditech and/or Permobil Pasco.

7

29.     The Wheelchair had a function that allowed Mr. Georgia to tilt the chair back so that his feet would raise above his head.

30.     In or around October 2016, National Seating, Mr. Flanagan, Mr. Ward, Mr. Eagle, Ms. Mastrogiovanni and/or Mr. Golick delivered the Wheelchair to Mr. Georgia.

31.     National Seating, Mr. Flanagan, Mr. Ward, Mr. Eagle, Ms. Mastrogiovanni and/or Mr. Golick were required to maintain and service the Wheelchair.

32.     At all times material hereto, Mr. Georgia used the Wheelchair in its intended manner and/or a manner reasonably foreseeable by the manufacturer.

**C.     The Wheelchair malfunctions**

33.     In or around March 2017, the Wheelchair's tilt function broke.

34.     Mr. Georgia immediately called National Seating, Mr. Flanagan, Mr. Ward, Mr. Eagle, Ms. Mastrogiovanni and/or Mr. Golick and informed them that the Wheelchair's tilt function broke.

35.     Mr. Georgia advised National Seating, Mr. Flanagan, Mr. Ward, Mr. Eagle, Ms. Mastrogiovanni and/or Mr. Golick that his doctors require him to raise his feet above his head in order to prevent excessive swelling in his back and feet, and that he was unable to do this as a result of the tilt function breaking.

36.     National Seating, Mr. Flanagan, Mr. Ward, Mr. Eagle, Ms. Mastrogiovanni and/or Mr. Golick advised Mr. Georgia that he would be "placed in line" to have the Wheelchair fixed.

37.     National Seating, Mr. Flanagan, Mr. Ward, Mr. Eagle, Ms. Mastrogiovanni and/or Mr. Golick failed to timely and properly fix the Wheelchair.

38.     As a result of the actions and/or inactions of National Seating, Mr. Flanagan, Mr. Ward, Mr. Eagle, Ms. Mastrogiovanni and/or Mr. Golick, Dr. Kupfer and/or other physicians and

Case ID: 181201570

medical providers attempted to contact and call National Seating numerous times to have the Wheelchair fixed.

39.     Upon information and belief, Mr. Georgia's wound care doctor, Dr. Martin Carey, called National Seating and advised National Seating that Mr. Georgia was at risk of infection in his feet and having his legs amputated if the Wheelchair's tilt function is not fixed.

40.     National Seating, Mr. Flanagan, Mr. Ward, Mr. Eagle, Ms. Mastrogiovanni and/or Mr. Golick failed to respond to either Dr. Kupfer or Dr. Carey.

41.     National Seating, Mr. Flanagan, Mr. Ward, Mr. Eagle, Ms. Mastrogiovanni and/or Mr. Golick failed fix the Wheelchair in response to repeated requests by Dr. Kupfer or Dr. Carey.

42.     As a result of National's failure to fix the Wheelchair's broken tilt function, Mr. Georgia began to develop sores on his right leg.

43.     On June 18, 2017, Mr. Georgia presented to Dr. Carey who emergently sent Mr. Georgia to the hospital due to the sores on his leg. Mr. Georgia spent 4 days at the hospital.

44.     During his stay, National Seating picked up the broken Wheelchair and gave him a replacement wheelchair while the broken Wheelchair was repaired.

45.     The replacement wheelchair's tilt function was also broken.  Mr. Georgia was unable to raise his feet above his head.

46.     On October 24, 2017, Dr. Paul O'Donnell of Cape Regional Medical Center amputated Mr. Georgia's right leg above the knee due to sepsis caused by infections resulting from the Wheelchair's broken tilt function.

47.     On April 17, 2018, Mr. Georgia's left leg above the knee was amputated in order to avoid the spread of infection.

Case ID: 181201570



48.     As a direct and proximate result of Defendants' negligence, gross negligence, carelessness, recklessness and/or any other strict liability-producing conduct, Mr. Georgia sustained devastating, severe and permanently disabling injuries, including but not limited to (i) severe sepsis and non-healing pressure wounds requiring above knee amputation of both legs; (ii) severe bilateral leg infections; (iii) severe leg edema resulting in sores and ulcers; (iv) phantom limb syndrome; (v) impaired mobility; (vi) scarring; and (vii) emotional, psychological and psychiatric injuries; and (viii) other psychological, psychiatric and orthopedic injuries, the full extent of which have yet to be determined.

49.     As a direct result of Defendants' carelessness, negligence, gross negligence, recklessness and other liability and strict liability producing conduct, Mr. Georgia required, and will continue to require, surgeries, medicines, medical care and treatment, and was caused to incur, and will continue to be caused to incur, medical expenses for care and treatment.

Case ID: 181201570

50. As a direct result of Defendants' carelessness, negligence, gross negligence, recklessness and other liability and strict liability producing conduct, Mr. Georgia suffered, and will continue to suffer, agonizing aches, pain and mental anguish. Mr. Georgia has sustained a loss of the enjoyment of life, life's pleasures and life's hedonic pleasures past, present and future.

51. As a direct and proximate result of Defendants' negligence, gross negligence, carelessness, recklessness and/or any other liability and strict liability producing conduct, Mr. Georgia has been prevented, and will be prevented in the future, from performing his usual duties, activities, occupations and avocations, and has suffered a loss of earnings and a loss of earning capacity.

52. Mr. Georgia's injuries were the direct and proximate result of Defendants' negligence, gross negligence, carelessness, recklessness and/or any other liability-producing conduct herein, and in no way were contributed to by Mr. Georgia.

53. Defendants are jointly and severally liable for Mr. Georgia's injuries and damages.

## COUNT I – NEGLIGENCE
## PLAINTIFF v. ALL DEFENDANTS

54. All preceding paragraphs are incorporated as though fully set forth at length herein.

55. Defendants designed, assembled, manufactured, sold, supplied, distributed and/or placed into the stream of commerce the F3 Corpus wheelchair (Serial Number 2520008180) prescribed to Mr. Georgia.

56. Defendants, by and through their respective agents, servants, officers and/or employees, workers and/or contractors were jointly and severally careless, negligent and/or reckless both generally and in the following respects:

11

a) failing to utilize proper designs and/or procedures for the manufacture, assembly and/or sale of the Wheelchair;

b) Designing, assembling, manufacturing, selling, supplying, and distributing a product in defective condition;

c) Designing, assembling, manufacturing, selling, supplying, and distributing a product that was unreasonably dangerous to the user;

d) failing to design the Wheelchair safe for its use intended;

e) knowingly designing, manufacturing, distributing and/or selling the Wheelchair, which was not suitable for use by the intended users;

f) placing the Wheelchair into the stream of commerce, knowing that end users would be injured by the same;

g) failing to properly inspect and/or test the Wheelchair in order to identify and/or correct any defective conditions discovered;

h) failing to incorporate an alternative and safer design, materials and/or other guards or devices to minimize the risk of failure and/or injury during use of the Wheelchair;

i) failing to provide proper and sufficient warning to intended users of the dangerous and/or defective condition of the Wheelchair;

j) failing to recall the Wheelchair from the purchaser and/or ultimate user;

k) failing to remove the Wheelchair from the marketplace;

l) failing to inspect and/or maintain the Wheelchair in a reasonable and timely manner;

m) failing to repair, service and/or maintain the Wheelchair in a reasonable and timely manner;

n) failing to provide Mr. Georgia with a replacement wheelchair that had a properly functioning tilt function;

o) failing to correct the defective and/or dangerous condition of the Wheelchair;

p) failing to install, have installed and/or properly maintain safety devices on the Wheelchair;

12

q) failing to inspect, repair and/or replace worn out, damaged and/or defective parts of the Wheelchair;

r) allowing the Wheelchair to be, become and/or remain in a dangerous and/or defective condition;

s) failing to use reasonable and/or prudent care to keep the Wheelchair in a safe and reasonable condition;

t) failing to properly train and/or instruct employees as to the proper care, maintenance and/or repair of the Wheelchair;

u) failing to use proper parts and/or materials in the design, manufacture, repair and/or maintenance of the Wheelchair so that the Wheelchair would function safely;

v) Designing, assembling, manufacturing, selling, supplying, and distributing a product which could be designed more safely;

w) Designing, assembling, manufacturing, selling, supplying, and distributing a product without simple and cost-effective safety devices;

x) Failing to adequately and properly test said product after its design and/or assembly;

y) Failing to investigate, retain and analyze prior accident information;

z) Failing to investigate, retain and analyze prior accident information in order to warn and/or notify ultimate users of product defects and dangers;

aa) failing to take feasible and reasonable precautions that would have prevented Mr. Georgia's serious injuries; and

bb) violating the statutes, ordinances, codes and/or industry standards as to the maintenance, care, control, design, repair and/or use of the Wheelchair.

57.     By reason of the Defendants' careless, negligence, gross negligence and reckless conduct, Mr. Georgia sustained serious and permanent disabling personal injuries, including those set forth above.

Case ID: 181201570

58.     By conducting themselves as set forth above, the Defendants' acts and/or omissions were a substantial factor, a factual cause and/or increased the risk of harm of Mr. Georgia's serious and permanent injuries.

WHEREFORE, Plaintiff, Donald Georgia, demands judgment in his favor and against Defendants, Permobil AB, Permobil, Inc., Permobil Meditech, Inc., Permobil Pasco, LLC, National Seating and Mobility, Inc., Tim Flanagan, Brian Ward, Robert Eagle, Gina Mastrogiovanni and Jim Golick, jointly and/or severally in an amount in excess of $50,000.00, together with interest, costs and attorney fees, and other such relief as the Court deems just and appropriate.

## COUNT II – STRICT LIABILITY
## PLAINTIFF v. ALL DEFENDANTS

59.     All preceding paragraphs are incorporated as though fully set forth at length herein.

60.     Defendants, by and through their respective agents, servants, workers, contractors, designers, assemblers, manufacturers, sellers, suppliers and/or distributors, are strictly liable under § 402A of the Restatement (Second) of Torts because:

    a) Defendants are engaged in the regular business of designing, assembling, manufacturing, selling, supplying, distributing and/or placing into the stream of commerce wheelchairs, including the product which injured Mr. Georgia;

    b) The product involved in the subject incident was marketed and placed in the general stream of commerce by Defendants;

    c) The product was expected to and did reach users without substantial change in the condition in which it was designed, assembled, manufactured, sold, supplied, distributed, and/or placed into the stream of commerce; and

    d) The product was designed, assembled, manufactured, sold, supplied, distributed, and/or placed into the stream of commerce in the defective condition for the reasons set forth above.

Case ID: 181201570

61.   In addition, the product was in a defective condition as: (i) the danger contained therein is unknowable and unacceptable to the average or ordinary consumer; and/or (ii) a reasonable person would conclude that the probability and seriousness of the harm caused by the product outweigh the burden or costs of taking precautions.

62.   The defective condition of the product caused Mr. Georgia's injuries.

63.   Defendants are therefore strictly liable to Mr. Georgia.

WHEREFORE, Plaintiff, Donald Georgia, demands judgment in his favor and against Defendants, Permobil AB, Permobil, Inc., Permobil Meditech, Inc., Permobil Pasco, LLC, National Seating and Mobility, Inc., Tim Flanagan, Brian Ward, Robert Eagle, Gina Mastrogiovanni and Jim Golick, jointly and/or severally, in an amount in excess of $50,000.00, together with interest, costs and attorney fees, and other such relief as the Court deems just and appropriate.

## COUNT III – BREACH OF WARRANTY
### PLAINTIFF v. ALL DEFENDANTS

64.   All preceding paragraphs are incorporated as though fully set forth at length herein.

65.   In designing, manufacturing, fabricating, marketing, promoting, selling, distributing, delivering and/or supplying the Wheelchair, Defendants jointly and/or severally impliedly warranted that the Wheelchair was merchantable, fit and safe for its intended use and the ordinary purposes for which it was sold, and that it was free from defects.

66.   The Wheelchair as designed and supplied was not fit for its intended use and, as a result, Defendants breached the implied warranty of merchantability.

67.   Defendants' breach of the warranty of merchantability was a substantial factor in, a factual cause of, and/or increased the risk of Mr. Georgia's serious and life-threatening injuries.

WHEREFORE, Plaintiff, Donald Georgia, demands judgment in his favor and against Defendants, Permobil AB, Permobil, Inc., Permobil Meditech, Inc., Permobil Pasco, LLC, National Seating and Mobility, Inc., Tim Flanagan, Brian Ward, Robert Eagle, Gina Mastrogiovanni and Jim Golick, jointly and/or severally, in an amount in excess of $50,000.00, together with interest, costs and attorney fees, and other such relief as the Court deems just and appropriate.

Respectfully submitted,

**SALTZ, MONGELUZZI, BARRETT & BENDESKY, P.C.**

BY:___*/s/ Larry Bendesky*_____
      LARRY BENDESKY
      ADAM J. PANTANO
      SCOTT A. FELLMETH

16

Case ID: 181201570

# VERIFICATION

The averments or denials of fact contained in the foregoing are true based upon the signer's personal knowledge or information and belief.  If the foregoing contains averments which are inconsistent in fact, signer has been unable, after reasonable investigation, to ascertain which of the inconsistent averments are true, but signer has knowledge or information sufficient to form a belief that one of them is true.  This Verification is made subject to the penalties of the 18 Pa.C.S.A. § 4904, relating to unsworn falsification to authorities.

DONALD GEORGIA

# Exhibit "B"

# AFFIDAVIT OF CHRIS JAVILLONAR

STATE OF TENNESSEE      )
                               ) ss.
COUNTY OF WILSON       )

I, Chris Javillonar, being of lawful age and duly sworn under oath deposes and states that:

1.      I am over 18 years of age.

2.      I am General Counsel for Permobil, Inc. and have personal knowledge of the matters set forth herein.

3.      Permobil, Inc. is headquartered at 300 Duke Drive, Lebanon, Tennessee.

4.      Permobil, Inc. designed, manufactured and sold Plaintiff's wheelchair.

5.      On January 1, 2019, Permobil, Inc. received a copy of the complaint in the mail at its address purporting to serve Permobil, Inc., Permobil Pasco, LLC, and Permobil Meditech, Inc. The correspondence listed the address for both Permobil Pasco, LLC and Permobil Meditech, Inc. as 300 Duke Drive, Lebanon, Tennessee. Permobil, Inc. received an envelope addressed to Permobil Meditech, Inc. There was not a separate envelope addressed to Permobil Pasco, LLC.

6.      Permobil AB is a corporation with its principal place of business in Sweden.

7.      Permobil Pasco, LLC did not design, manufacture or sell Plaintiff's wheelchair.

8.      Permobil Pasco, LLC has its principal place in Pasco, Washington. It is not located at 300 Duke Drive, Lebanon, Tennessee.

9.      Permobil, Inc. is not authorized to accept service on behalf of Permobil Pasco, LLC in this matter.

10.      Permobil Meditech, Inc. did not design, manufacture or sell Plaintiff's wheelchair.

11.      Permobil Meditech, Inc. is a dissolved corporation that no longer exists and has no principal place of business or state of incorporation.

12.      When it existed prior to 2008, Permobil Meditech, Inc.'s principal place of business was located in Massachusetts and was incorporated in Delaware.

13.      Permobil, Inc. is not authorized to accept service on behalf of Permobil Meditech, Inc. in this matter.

**FURTHER AFFIANT SAYETH NAUGHT.**

Chris Javillonar

    In witness whereof, I have hereunto subscribed my name and affixed my official seal

this 15th day of February, 2019.

Notary Public

My Commission Expires:

07-19-22

# Exhibit "C"

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONALD B. GEORGIA, JR.,       : | **CIVIL ACTION** |
|       Plaintiff,   : | |
| v.   : | **NO.** |
| NATIONAL SEATING AND MOBILITY, INC.;   : | |

DONALD B. GEORGIA, JR.,

                Plaintiff,

    v.

NATIONAL SEATING AND MOBILITY, INC.;
PERMOBIL AB;
PERMOBIL, INC.;
PERMOBIL MEDITECH, INC.;
PERMOBIL PASCO, LLC;
TIM FLANAGAN;
BRIAN WARD;
ROBERT EAGLE
GINA MASTROGIOVANNI; AND
JIM GOLICK

                Defendants.

**CIVIL ACTION**

**NO.**

---

## DEFENDANT NATIONAL SEATING & MOBILITY, INC.'S NOTICE OF CONSENT TO REMOVAL

On January 29, 2019, Plaintiff filed a Complaint for negligence, strict liability, and breach of warranty in the Philadelphia County Court of Common Pleas against Defendant National Seating & Mobility, Inc. ("NSM"). NSM had previously been served with a Praecipe on December 14, 2018. NSM has reviewed this Notice of Removal and consents to removal of this action to federal court.

Respectfully submitted,


  /s/ Kathleen Wilkinson
**Wilson Elser Moskowitz Edelman & Dicker LLP**
Two Commerce Square, 2001 Market Street, Suite 3100
Philadelphia, PA 19103
*Attorney for Defendant NSM*


00016653

1